# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3433 | **DATE** | 6/28/2012 |
| **CASE TITLE** | Bacerott vs. Boolingbrook Police Department, IL | | |

**DOCKET ENTRY TEXT**

Bacerott's Motion to Proceed *In Forma Pauperis* is granted but the Boolingbrook Police Department, is dismissed for failure to state a claim. Counsel is appointed to represent plaintiff and shall file an amended complaint by July 31, 2012.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff Lorena Bacerott moves to proceed *in forma pauperis* without the full prepayment of filing fees. Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Bacerott to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Bacerott need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See id.* According to her financial affidavit, Bacerott is currently unemployed, has no money in a checking or savings account, and owns no stocks, bonds, securities, or other financial instruments. Bacerott does not own any real estate nor a car. Based on Bacerott's financial affidavit it appears that the only income she receives is $800 per month as a gift from her father to pay her rent. Based on these facts, Bacerott's financial affidavit sets forth her inability to pay the mandated court fees.

Under 28 U.S.C. § 1915, the Court must look beyond Bacerott's financial status to determine whether she has a valid claim to proceed. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See, e.g., Allen v. JP Morgan Chase*, 2010 WL 1325321, *1 (N.D. Ill. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)).

| STATEMENT |
|---|

Bacerott brings a cause of action against Boolingbrook Police Officer Daniel Smetters, Andrew Sraga, Peter Moranda and the Boolingbrook Police Department pursuant to 42 U.S.C. § 1983. Bacerott claims that the Defendants violated her constitutional rights by using excessive force against her, failing to intervene to protect her from violations of her rights by one or more of the Defendants, conspiring together to violate her rights, intentionally inflicting her with emotional harm, falsely arresting her, battering her, and conducting an improper search of her and her car. Bacerott alleges that Officer Smetters violated 42 U.S.C. § 1983 in connection with a traffic altercation with Bacerott. Bacerott alleges that Smetters approached her to ask if she was honking her car horn. She tried to indicate that she could not have been honking the horn by showing Smetters that her keys were not in the ignition. Bacerott alleges that she had her rottweiler in the car with her and that he was barking and breathing in her ear, and that she was trying to hold him down. She alleges that Smetters directed her to step out of her car, which she refused to do because she was concerned for her dog's safety. Bacerott alleges that Smetters got assistance from other male officers. Bacerott alleges that Smetters refused to get a female officer and proceeded to enter her vehicle. Bacerott alleges that both she and her dog were maced by Smetters. She alleges that the vehicle's passenger window was broken and that she was pulled out of her car by the male officers. She alleges that she sustained a fracture to her right arm as a result of the altercation. These claims plausibly state a claim for relief. However, as to the Boolingbrook Police Department, Bacerott has not stated a cause of action against it. A state municipal entity is not vicariously liable for the constitutional torts of its employees. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Bacerott has not alleged any facts against the Boolingbrook Police Department directly. She seeks to hold them liable for the allegedly unconstitutional torts of Officer Smetters. This is precisely what *Monell* forbids. Thus, Bacerott's claims against the Boolingbrook Police Department are dismissed.

Bacerott's Motion to Proceed *In Forma Pauperis* is granted but the Boolingbrook Police Department, is dismissed for failure to state a claim. Counsel is appointed to represent plaintiff and shall file an amended complaint by July 31, 2012.