IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| LORENA BACEROTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-03433 |
| | ) | |
| VILLAGE OF BOLINGBOOK, | ) | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| | | |
| OFFICERS DANIEL SMETTERS, ANDREW | ) | |
| SRAGA, AND PETER MORANDA, | ) | |
| | ) | |
| Defendants. | ) | |

## **AMENDED COMPLAINT**

NOW COMES the Plaintiff, LORENA BACEROTT (hereafter "Plaintiff" or "Bacerott"), and for her cause of action against the Defendants, VILLAGE OF BOLINGBROOK (hereinafter "Bolingbrook"), OFFICER DANIEL SMETTERS (hereafter "Smetters"), OFFICER ANDREW SRAGA (hereafter "Sraga"), and OFFICER PETER MORANDA (hereafter "Moranda") (hereinafter collectively referred to as "Officers"), states as follows:

## **NATURE OF CLAIM**

1.  This is an action seeking redress for violations under United States Code, Section 1983. Further, this is an action seeking redress for state law claims of assault, battery, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, false imprisonment, and malicious prosecution.

## JURISDICTION & VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983 and 42 U.S.C. §1988. Supplemental jurisdiction lies in this Court pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C §1391(b)(2), as the events giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division, and Plaintiff and is a resident in the Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff BACEROTT is a resident of Montgomery, IL, in Kendall County.

5. Defendant, SMETTERS is a sworn law enforcement officer employed by the Village of Bolingbrook in Will County. He is being sued in his personal capacity and for the purpose of obtaining equitable relief, in his official capacity as well. At all times relevant to the allegations contained herein, SMETTERS was acting under color of law.

6. Defendant, SRAGA is a sworn law enforcement officer employed by the Village of Bolingbrook in Will County. He is being sued in his personal capacity and for the purpose of obtaining equitable relief, in his official capacity as well. At all times relevant to the allegations contained herein, SRAGA was acting under color of law.

7. Defendant, MORANDA is a sworn law enforcement officer employed by the Village of Bolingbrook in Will County. He is being sued in his personal capacity and, for the purpose of obtaining equitable relief, in his official capacity as well. At all times relevant to the allegations contained herein, MORANDA was acting under color of law.

8. Defendant, the VILLAGE OF BOLINGBROOK, is located in Will County, Illinois, and for all times material to this complaint was the employer of Defendants MORANDA, SRAGA, and SMETTERS and at all relevant times such individual defendants were acting within the scope of the employment with VILLAGE OF BOLINGBROOK.

## **FACTUAL BACKGROUND**

9. On May 5, 2011, Plaintiff was arrived at her friend's located in Bolingbrook, IL, in the early morning. Plaintiff has a Rottweiler dog and said dog was present in her car with her.

10. When Plaintiff arrived, her friend was not yet awake and Plaintiff was therefore waiting for her friend to wake up.

11.  Plaintiff was approached by one or more of the OFFICERS, explained her presence and was instructed by one or more of the OFFICERS to wait in her car until her friend awoke.  Plaintiff followed the OFFICER(S)' request, went to her car with her Rottweiler and locked the doors.

12.  Shortly thereafter, one or more of the OFFICERS knocked on Plaintiff's driver side window and asked her to get out of the car.

13. Said OFFICER(S) had no reasonable cause to detain, search, interrogate, inquire or otherwise summon Plaintiff from her car.

14.  Plaintiff inquired of the OFFICER(s) as to why he was requesting that she get out of the car.

15. One or more of the OFFICER(S) began to yell at Plaintiff to get out of her car and called one or more of the OFFICER(s) to the scene.  No OFFICER provided Plaintiff with any reason to get out of her car.

16. Thereafter the OFFICERS individually and/or collectively engaged in a course of conduct which included the use of excessive, unnecessary and unreasonable force under the circumstances.

17. The force used by the OFFICERS individually and/or collectively, toward Plaintiff included deadly force.

18. None of the OFFICERS took any steps to intervene or stop the use of excessive and/or deadly force by any of the other OFFICERS.

19. Following the forceful removal of Plaintiff from her car, Plaintiff was injured and was transported to the hospital.

20. While at the hospital, one or more of the OFFICERS attempted to lift Plaintiff's shirt and expose her naked upper body.

21. Plaintiff was arrested and charged with offenses, including but not limited to trespass.

22. That the OFFICERS initiated legal proceedings with Plaintiff to prosecute her for the charges against her, including but not limited to the charge of trespass.

23. That the legal charges and prosecution of Plaintiff for the charges brought against her, including but not limited to the charge of trespass, was without reasonable and probable cause.

24. The conduct of one or more of the OFFICERS, individually or collectively, toward Plaintiff as described in the paragraphs above caused Plaintiff to be in reasonable apprehension of bodily injury and/or serious bodily injury and/or death.

25. The conduct of one or more of the OFFICERS, individually or collectively toward Plaintiff, as described in the paragraphs above, was without Plaintiff's consent.

26. That the above actions of one or more of the OFFICERS individually or collectively toward Plaintiff, in detaining and restraining Plaintiff, was without probable/reasonable cause.

27. That the above actions by one or more of the OFFICERS were under the color of law.

28. The actions of one or more of the OFFICERS were reckless and callously indifferent to the Plaintiff's federal and state protected rights.

29. The use of force against Plaintiff was the result of the policy, practice and custom of the Village of Bolingbrook to inadequately supervise, train and/or discipline law enforcement officers who use excessive force, including deadly force.

30. The inadequate supervision, training and/or discipline of police officers by the Village of Bolingbrook has led to the unnecessary and illegal use of excessive force, including deadly force.

## COUNT I

### Violation of Section 1983: Excessive Force/ Use of Deadly Force

31. BACEROTT repeats and reasserts the allegations of Paragraph 1 through 30 as this paragraph 31 of Count I as if set forth fully herein.

32. The Defendants' actions towards Plaintiff as described above were under the color of law.

33. The Defendants' actions were reckless and callously indifferent to the Plaintiff's federal and state protected rights.

34. The use of force against Plaintiff was the result of the policy, practice and custom of the Village of Bolingbrook to inadequately supervise, train and/or discipline law enforcement officers who use excessive force, including deadly force.

35. The inadequate supervision, training and/or discipline of police officers by the Village of Bolingbrook has led to the unnecessary and illegal use of excessive force, including deadly force.

36. That the actions of Defendant as described herein were in violation of 42 U.S.C. §1983.

37.  The actions of Defendants as alleged herein were willful and wanton.

38. That as a proximate cause of Defendants' actions plaintiff suffered severe bodily injury, pain, suffering and emotional distress.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendants, VILLAGE OF BOLINGBROOK, SMETTERS, MORANDA, and SRAGA with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, attorney's fees, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT II

### Violation of Section 1983: Failure to Intervene

### THE OFFICERS

39. BACEROTT repeats and reasserts the allegations of Paragraph 1 through 30 as this paragraph 39 of Count II as if set forth fully herein.

40. The OFFICERS' actions towards Plaintiff as described above were under the color of law.

41. At all relevant times Defendant OFFICERS, had a duty to stop other officers who use excessive force, including deadly force, against a third party in his presence or otherwise within his knowledge.

42. The OFFICERS herein failed to intervene or stop other OFFICERS from using excessive and/or deadly force against Plaintiff.

43. The OFFICERS' actions and/or failure to intervene were reckless and callously indifferent to the Plaintiff's federal and state protected rights.

44. That the actions of the OFFICERS as described herein were in violation of 42 U.S.C. §1983.

45. The actions of the OFFICERS as alleged herein were willful and wanton.

46. That as a proximate cause of the OFFICERS' actions plaintiff suffered severe bodily injury, pain, suffering and emotional distress.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendants, SMETTERS, MORANDA, and SRAGA with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, attorney's fees, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT III

## Violation of Section 1983: Unreasonable Seizure & Malicious Prosecution

## THE OFFICERS

47. BACEROTT repeats and reasserts the allegations of Paragraph 1 through 30 as this paragraph 47 of Count III as if set forth fully herein.

48. The OFFICERS actions towards Plaintiff as described above were under the color of law.

49. At all relevant times, there was no probable cause for the OFFICERS to arrest, detain, search, inquire of, interrogate and/or seize Plaintiff.

50. Further, there was no probable cause for the OFFICERS to file charges or initiate legal proceedings against Plaintiff for charges including but not limited to the charge of trespass.

51. The OFFICER'S' actions were reckless and callously indifferent to the Plaintiff's federal and state protected rights.

52. That the actions of the OFFICERS as described herein were in violation of 42 U.S.C. §1983.

53.  The actions of the OFFICERS as alleged herein were willful and wanton.

54. That as a proximate cause of the OFFICERS actions plaintiff suffered damages.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendants, SMETTERS, MORANDA, and SRAGA with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs,

expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT IV

## ASSAULT - OFFICERS SMETTERS, MORANDA, SRAGA

55. Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 55 of Count IV as if set forth fully herein.

56. The above mentioned conduct on the part of Defendants, SMETTERS, MORANDA, and SRAGA, created a reasonable apprehension in Plaintiff of harmful and offensive contact to Plaintiff's person.

57. As a direct and proximate result of Defendants, SMETTERS', MORANDA's, and SRAGA's conduct, Plaintiff was damaged.

58. The above mentioned conduct on the part of Defendants, SMETTERS, MORANDA, and SRAGA toward Plaintiff was intentional, willful and wanton, and done with a reckless disregard for Plaintiff's protected rights and to her physical well being, so as to justify awarding punitive and exemplary damages in this case.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendants, SMETTERS, MORANDA, and SRAGA with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

9

## COUNT V

## BATTERY – OFFICERS SMETTERS, MORANDA, SRAGA

59. Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 59 of Count V as if set forth fully herein.

60. The acts of force used by Defendant OFFICERS as described above, were harmful and offensive contacts to Plaintiff's person.

61. As a direct and proximate result of Defendant SMETTERS', MORANDA's, and SRAGA's conduct, Plaintiff was damaged.

62. The above mentioned conduct on the part of Defendants, SMETTERS, MORANDA, and SRAGA toward Plaintiff was intentional, willful and wanton, and done with a reckless disregard for Plaintiff's protected rights and to her physical well being, so as to justify awarding punitive and exemplary damages in this case.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendants, SMETTERS, MORANDA, and SRAGA with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT VI

## NEGLIGENCE – OFFICER SMETTERS, MORANDA, SRAGA

63. Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 63 of Count VI as if set forth fully herein.

64. At all times relevant, Defendants, SMETTERS, MORANDA, and SRAGA worked for the Village of Bolingbrook Police Department and were acting within the course and scope of their employment.

65. At all times relevant, Defendants, SMETTERS, MORANDA, and SRAGA had a duty to exercise ordinary care and caution for the safety of Plaintiff.

66. On or about May 5, 2011, Defendants, SMETTERS, MORANDA, and SRAGA, breached that duty by engaging in actions of excessive and deadly force against Plaintiff.

67. As a proximate result of one of more of the foregoing negligent acts or omissions by Defendant, SMETTERS, MORANDA, and SRAGA, Plaintiff was injured.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendants, SMETTERS, MORANDA, and SRAGA with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT VII

## RESPONDENT SUPERIOR - ASSAULT

## VILLAGE OF BOLINGBROOK

68. Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 68 of Count VII as if set forth fully herein.

69. Plaintiff restates and reaffirms allegations set forth in Paragraph 55 through 58 of Count IV as paragraph 69 of Count VII as if set forth fully herein.

70. At all times relevant, Defendants, SMETTERS, MORANDA, and SRAGA, were employees for Defendant Village of Bolingbrook at acting within the course and scope of their employment.

71. As a proximate result of one or more of the foregoing acts of the Defendant OFFICERS, Plaintiff was injured.

72. That Defendant, Village of Bolingbrook, is vicariously liable for the actions of the OFFICERS as set forth in Count VII.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendant, VILLAGE OF BOLINGBROOK, with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT VIII

## RESPONDENT SUPERIOR - BATTERY

## VILLAGE OF BOLINGBROOK

73. Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 73 of Count VIII as if set forth fully herein.

74. Plaintiff restates and reaffirms allegations set forth in Paragraph 59 through 62 of Count V as paragraph 74 of Count VIII as if set forth fully herein.

75. At all times relevant, Defendants, SMETTERS, MORANDA, and SRAGA, were employees for Defendant Village of Bolingbrook at acting within the course and scope of their employment.

76. As a proximate result of one or more of the foregoing acts of the Defendant OFFICERS, Plaintiff was injured.

77. That Defendant, Village of Bolingbrook, is vicariously liable for the actions of the OFFICERS as set forth in Count VIII.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendant, VILLAGE OF BOLINGBROOK, with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

# COUNT IX

## RESPONDENT SUPERIOR - NEGLIGENCE

## VILLAGE OF BOLINGBROOK

78. Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 78 of Count IX  as if set forth fully herein.

79. Plaintiff restates and reaffirms allegations set forth in Paragraph 63 through 67 of Count VI as paragraph 79 of Count IX as if set forth fully herein.

80. At all times relevant, Defendants, SMETTERS, MORANDA, and SRAGA, were employees for Defendant Village of Bolingbrook at acting within the course and scope of their employment.

81. As a proximate result of one or more of the foregoing acts of the Defendant OFFICERS, Plaintiff was injured.

82. That Defendant, Village of Bolingbrook, is vicariously liable for the actions of the OFFICERS as set forth in Count IX.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendant, VILLAGE OF BOLINGBROOK, with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT X

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## OFFICERS SMETTERS, MORANDA, SRAGA

83. Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 83 of Count X as if set forth fully herein.

84. Defendants SMETTERS, MORANDA, and SRAGA's conduct, as described above, was both extreme and outrageous to point that it went beyond the bounds of decency and is to be regarded as intolerable in our society.

85. By the foregoing acts, Defendant caused Plaintiff severe emotional distress, including, but not limited to the same, extreme anger, fear, resentment, depression, worry, anxiety and stress, and physical injury requiring medical care.

86. As a direct and proximate result of said acts engaged in by Defendants SMETTERS, MORANDA, and SRAGA, Plaintiff has been damages physically and emotionally.

87. The above mentioned conduct on the part of Defendants SMETTERS, MORANDA, and SRAGA MARTINEZ, toward Plaintiff was intentional, willful and wanton, and done with reckless disregard for Plaintiff's protected rights and to her physical well being, so as to justify awarding punitive and exemplary damages in this case.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendants, SMETTERS, MORANDA, and SRAGA with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages,

liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

**COUNT XI**

**RESPONDENT SUPERIOR - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**VILLAGE OF BOLINGBROOK**

88. Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 88 of Count XI  as if set forth fully herein.

89. Plaintiff restates and reaffirms allegations set forth in Paragraph 83 through 87 of Count X as paragraph 89 of Count XI as if set forth fully herein.

90. At all times relevant, Defendants, SMETTERS, MORANDA, and SRAGA, were employees for Defendant Village of Bolingbrook at acting within the course and scope of their employment.

91. As a proximate result of one or more of the foregoing acts of the Defendant OFFICERS, Plaintiff was injured.

92. That Defendant, Village of Bolingbrook, is vicariously liable for the actions of the OFFICERS as set forth in Count XI.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendant, VILLAGE OF BOLINGBROOK, with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated

damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT XII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## OFFICERS SMETTERS, MORANDA, SRAGA

93. Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 93 of Count XII as if set forth fully herein.

94. At all times relevant herein, Defendants SMETTERS, MORANDA, and SRAGA had a duty to Plaintiff to act in a manner so as not to cause Plaintiff emotional distress.

95. Defendants SMETTERS, MORANDA, and SRAGA's conduct, as described above, was such that Defendants breached the foregoing duty to Plaintiff and acted in a manner in which it was reasonable foreseeable that Plaintiff would suffer emotional distress as a result of their actions.

96.  By the foregoing acts, Defendant SMETTERS, MORANDA and SRAGE did in fact cause Plaintiff emotional distress, including, but not limited to the anger, fear, resentment, depression, worry, anxiety and stress, and physical injury requiring medical care.

97. As a direct and proximate result of said acts engaged in by Defendants SMETTERS, MORANDA, and SRAGA, Plaintiff has been damages physically and emotionally.

98. The above mentioned conduct on the part of Defendants SMETTERS, MORANDA, and SRAGA MARTINEZ, toward Plaintiff was intentional, willful and wanton, and done with reckless disregard for Plaintiff's protected rights and to her physical well being, so as to justify awarding punitive and exemplary damages in this case.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendants, SMETTERS, MORANDA, and SRAGA with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT XIII

## RESPONDENT SUPERIOR - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS VILLAGE OF BOLINGBROOK

99. Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 99 of Count XIII as if set forth fully herein.

100. Plaintiff restates and reaffirms allegations set forth in Paragraph 93 through 98 of Count XII as paragraph 100 of Count XIII as if set forth fully herein.

101. At all times relevant, Defendants, SMETTERS, MORANDA, and SRAGA, were employees for Defendant Village of Bolingbrook at acting within the course and scope of their employment.

102. As a proximate result of one or more of the foregoing acts of the Defendant OFFICERS, Plaintiff was injured.

103. That Defendant, Village of Bolingbrook, is vicariously liable for the actions of the OFFICERS as set forth in Count XIII.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendant, VILLAGE OF BOLINGBROOK, with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

**COUNT XIV**

**NEGLIGENT SUPERVISION & TRAINING**

**VILLAGE OF BOLINGBROOK**

104.     Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 104 of Count XIV as if set forth fully herein.

105.     At all relevant times, Defendant, Village of Bolingbrook, had a duty to act in a matter consistent with public policy, and at all times to follow state and federal law.

106.     At all relevant times, Defendant, Village of Bolingbrook, had a duty supervise and train its employees to act in a matter consistent with public policy, and at all times to follow state and federal law.

107.     On or about May 5, 2011, Defendant OFFICERS individually and/or collectively engaged in conduct toward plaintiff which resulted in excessive and unreasonable force under the circumstances.

108.     On or about May 5, 2011, Defendant OFFICERS individually and/or collectively engaged in conduct toward plaintiff which resulted in deadly force.

109.    Defendant, Village of Bolingbrook, by and through its agents, servants and/or employees knew or should have known that SMETTERS, MORANDA, and SRAGA had a duty to properly train the OFFICERS as to the proper use of force and the combination of different types of force relevant to various circumstances, including the circumstances under which force was used on Plaintiff.

110.    Defendant, Village of Bolingbrook, b failed to properly train Defendants in their positions and the use of reasonable force and the combinations of different types of force in circumstances similar to that present in Plaintiff's situation.

111.    That the actions of Defendant OFFICERS were caused in whole or in party by Defendant Village of Bolingbrook's failure to train.

112.    As a proximate result of one or more of the foregoing negligent acts or omissions by Defendant, Village of Bolingbrook, Plaintiff was injured.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendant VILLAGE OF BOLINGBROOK with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT XV

## FALSE IMPRISONMENT

## OFFICERS SMETTERS, MORANDA, SRAGA

113.     Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 113 of Count XV as if set forth fully herein.

114.     At all relevant times, there was no probable cause for the OFFICERS to arrest, restrain, confine, detain, search, inquire of, interrogate and/or seize Plaintiff.

115.     At all relevant times, the OFFICERS acted with intent and without having reasonable grounds to believe that Plaintiff committed any offense whatsoever.

116.     As a direct and proximate result of Defendants, SMETTERS', MORANDA's, and SRAGA's conduct, Plaintiff was damaged.

117.     The above mentioned conduct on the part of Defendants, SMETTERS, MORANDA, and SRAGA toward Plaintiff was intentional, willful and wanton, and done with a reckless disregard for Plaintiff's protected rights and to her physical well being, so as to justify awarding punitive and exemplary damages in this case.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendants, SMETTERS, MORANDA, and SRAGA with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT XVI

## RESPONDENT SUPERIOR - FALSE IMPRISONMENT

## VILLAGE OF BOLINGBROOK

118.     Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 118 of Count XVI as if set forth fully herein.

119.     Plaintiff restates and reaffirms allegations set forth in Paragraph 113 through 117 of Count XV as paragraph 119 of Count XVI as if set forth fully herein.

120.     At all times relevant, Defendants, SMETTERS, MORANDA, and SRAGA, were employees for Defendant Village of Bolingbrook at acting within the course and scope of their employment.

121.     As a proximate result of one or more of the foregoing acts of the Defendant OFFICERS, Plaintiff was injured.

122.     That Defendant, Village of Bolingbrook, is vicariously liable for the actions of the OFFICERS as set forth in Count XVI.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendant, VILLAGE OF BOLINGBROOK, with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

## COUNT XVII

## MALICIOUS PROSECUTION

## OFFICERS SMETTERS, MORANDA, SRAGA

123. Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 123 of Count XVII as if set forth fully herein.

124. At all relevant times, there was no probable cause for the OFFICERS to file charges or initiate legal proceedings against Plaintiff for charges including but not limited to the charge of trespass.

125. As a direct and proximate result of Defendant SMETTERS', MORANDA's, and SRAGA's conduct, Plaintiff was damaged.

126. The above mentioned conduct on the part of Defendants, SMETTERS, MORANDA, and SRAGA toward Plaintiff was intentional, willful and wanton, and done with a reckless disregard for Plaintiff's protected rights and to her physical well being, so as to justify awarding punitive and exemplary damages in this case.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendants, SMETTERS, MORANDA, and SRAGA with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

**COUNT XVIII**

**RESPONDENT SUPERIOR – MALICIOUS PROSECUTION**

**VILLAGE OF BOLINGBROOK**

127.     Plaintiff restates and reaffirms the allegations set forth in Paragraph 1 through 30 as this paragraph 127 of Count XVIII as if set forth fully herein.

128.     Plaintiff restates and reaffirms allegations set forth in Paragraph 123 through 126 of Count XVII as paragraph 128 of Count XVIII as if set forth fully herein.

129.     At all times relevant, Defendants, SMETTERS, MORANDA, and SRAGA, were employees for Defendant Village of Bolingbrook at acting within the course and scope of their employment.

130.     As a proximate result of one or more of the foregoing acts of the Defendant OFFICERS, Plaintiff was injured.

131.     That Defendant, Village of Bolingbrook, is vicariously liable for the actions of the OFFICERS as set forth in Count XVIII.

WHEREFORE, Plaintiff, LORENA BACEROTT, respectfully prays for a judgment in her favor against Defendant, VILLAGE OF BOLINGBROOK, with an award for such damages as may be proven at the time of trial, including but not necessarily limited to equitable relief, out of pocket pecuniary losses, lost wages, medical bills, reasonable attorney's fees, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, compensatory damages, punitive damages, liquidated damages, pre-and post-judgment interest, and such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully Submitted,

Lorena Bacerott,

By: /s/ *Lori A. Vanderlaan*

Lori A. Vanderlaan

**Best, Vanderlaan & Harrington**

25 E. Washington St., Suite 210

Chicago, IL  60602

(312) 819-1100

(312) 819-8062 (Fax)

Firm No. 37240